UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kenmode Tool & Engineering, Inc.,            File No. 24-cv-3756 (ECT/EMB)

    Plaintiff and Counter
    Defendant,

v.                                            **OPINION AND ORDER**

Technical Plating, Inc.,

    Defendant and Counter
    Claimant.

---

Stephen Paul Dunn, Bodman PLC, Troy, MI, and Brandie L. Morgenroth and Kelly P. Magnus, Nilan Johnson Lewis PA, Minneapolis, MN, for Plaintiff and Counter Defendant Kenmode Tool & Engineering, Inc.

Justice Ericson Lindell, Greenstein Sellers PLLC, Minneapolis, MN, for Defendant and Counter Claimant Technical Plating, Inc.

---

This diversity case arises out of an alleged breach of contract. Plaintiff Kenmode Tool & Engineering manufactures vehicle parts, among other things. Compl. [ECF No. 1] ¶¶ 5–8. Some of the vehicle parts Kenmode manufactures "must include a specialty plating application." *Id.* ¶ 9. In November 2022, Kenmode contracted with Defendant Technical Plating to provide that application. *See id.* ¶¶ 10–18. In October 2023, a Kenmode customer "notified Kenmode that the plating applied by Technical Plating . . . was incorrect and defective." *Id.* ¶ 21. Kenmode claims that Technical Plating's work breached their contract—that is, the contract between Kenmode and Technical Plating—and breached warranties. *See id.* ¶¶ 39–62. Kenmode claims damages "in excess of $500,000.00," *id.*

¶ 37, and in addition a damages award, it seeks to recover its costs, interest, and attorney fees associated with bringing this case, *id.* at 12.

Technical Plating seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The standards governing this motion's adjudication are familiar. A motion for judgment on the pleadings is assessed under the same standard as a Rule 12(b)(6) motion. *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Under that standard, a court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the non-moving party's favor. *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014) (citations omitted); *see Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 737 (8th Cir. 2017) ("A motion for judgment on the pleadings should be granted when, accepting all facts pled by the nonmoving party as true and drawing all reasonable inferences from the facts in favor of the nonmoving party, the movant has clearly established that no material issue of fact remains and that the movant is entitled to judgment as a matter of law."). Although the factual allegations need not be detailed, they must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). A pleading's allegations must "state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (per curiam) (quoting *Magee v. Trs. of the Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014)).

Technical Plating advances two grounds for its motion: (1) It argues that Kenmode failed to comply with a contractual deadline by which it was required to notify Technical Plating of the defects in Technical Plating's work. According to Technical Plating, the missed deadline means Kenmode cannot recover damages in this case. *See* Def.'s Mem. in Supp. [ECF No. 27] at 6–7. (2) Technical Plating argues that the damages Kenmode might recover in this case are capped by a provision in the contract, and, Technical Plating says, it has already paid Kenmode more than the cap's amount. Again, Technical Plating argues that Kenmode cannot recover anything more in this case. *Id.* at 7–8.

Technical Plating's arguments require interpreting its contract with Kenmode, and the parties agree that Minnesota law governs the analysis. *See* Def.'s Mem. in Supp. at 6; Pl.'s Mem. in Opp'n [ECF No. 30] at 6–13; *see also Netherlands Ins. Co. v. Main St. Ingredients, LLC*, 745 F.3d 909, 913 (8th Cir. 2014) ("Because the parties do not dispute the choice of Minnesota law, we assume, without deciding, Minnesota law applies . . . ."). In Minnesota, "[t]he primary goal of contract interpretation is to determine and enforce the intent of the parties." *Staffing Specifix, Inc. v. TempWorks Mgmt. Servs., Inc.*, 913 N.W.2d 687, 692 (Minn. 2018) (quoting *Motorsports Racing Plus, Inc. v. Arctic Cat Sales, Inc.*, 666 N.W.2d 320, 323 (Minn. 2003)). Contract terms are "given their plain and ordinary meaning" and read in context of the whole contract. *Motorsports Racing Plus*, 666 N.W.2d at 323–24. "Interpretation of unambiguous contracts is a question of law for the court, as is the determination that a contract is ambiguous." *Staffing Specifix*, 913 N.W.2d at 692. If a contract is ambiguous, its interpretation is a question for the jury. *Denelsbeck v. Wells Fargo & Co.*, 666 N.W.2d 339, 346 (Minn. 2003). "A contract's terms are not ambiguous

3

simply because the parties' interpretations differ." *Staffing Specifix, Inc.*, 913 N.W.2d at 692.

Technical Plating's allegation that Kenmode missed a contractual deadline and its derivative contention that the missed deadline means Kenmode cannot recover damages in this case are not persuasive. The contract term on which Technical Plating relies for these contentions reads, in relevant part: "Any material or merchandise found upon [Technical Plating's] inspection to be improperly processed by [Technical Plating] will be re-finished without charge, provided . . . [n]otice of defect is given within thirty (30) working days from the date of receipt." Compl., Ex. B [ECF No. 1-2] at 2. Technical Plating's allegation that Kenmode missed this deadline assumes the "receipt" to which the provision refers is receipt by Kenmode and that Kenmode received the allegedly defective parts in April and May 2023. *See* Def.'s Mem. in Supp. at 7. The contract isn't explicit about the receipt's subject. Would receipt by Kenmode's customer count? Or is it just Kenmode? Regardless, if it is Kenmode (as Technical Plating contends) it is unclear whether or when Kenmode may have received the allegedly defective parts. Kenmode alleged in its Complaint that Technical Plating shipped the parts directly to Kenmode's customer. Compl. ¶ 20. Whatever other pleadings say, the law requires me to accept this allegation as true. That's enough to reject this argument. There is more. Kenmode alleges it first learned of the defect in October 2023, *id.* ¶ 21, and Technical Plating alleges Kenmode notified it of the alleged defects on October 4, 2023, Counterclaim [ECF No. 15] ¶ 8. In other words, if the 30-day contractual deadline might plausibly be understood to run from when the customer notified Kenmode of the alleged defects—a questionable proposition—the facts construed

4

in Kenmode's favor show it met that deadline. And if Kenmode blew the 30-day notice deadline, the term says only that the option to require Technical Plating to "re-finish[]" the defective parts "without charge" is off the table. Compl. Ex. B at 2. This specific term says nothing about limiting any other remedy or remedies Kenmode might have. If the provision might be understood to mean that, Technical Plating does not explain how.

Technical Plating's second argument—that the contract caps the damages Kenmode might recover in this case, and it has already paid Kenmode more than the cap's amount—isn't persuasive, either. This contention depends on the following term in the Kenmode/Technical Plating contract: "Our liability for any cause is limited to the cost of direct labor and material of product loss directly damaged by our processing or two times our processing charges on such material, whichever is the lesser." Compl. Ex. B at 2. Technical Plating argues that "[i]n this case, it is undisputed that Technical Plating's processing charges for the [allegedly defective parts] was $19,649.19," an amount less than what Technical Plating already paid Kenmode. Def.'s Mem. in Supp. at 8. To support this contention, Technical Plating cites one paragraph of its Counterclaim and the corresponding paragraph in Kenmode's Reply. *See id.* In the cited paragraph from its Counterclaim, Technical Plating alleged that its "processing charges for plating the Parts totaled $19,649.19." Counterclaim ¶ 6. In the paragraph Technical Plating cited from Kenmode's Reply, Kenmode explained it "is without knowledge or information sufficient to support a belief as to the truth of the allegations asserted in Paragraph 6 of Technical Plating's counterclaim *and therefore denies them.*" Reply [ECF No. 16] ¶ 6 (emphasis added). These paragraphs establish that the amount of Technical Plating's "processing

5

charges"—whatever that term might mean—remains disputed. At the judgment-on-the-pleadings stage, I must credit Kenmode's denial, meaning it would be plain error to enter judgment on the pleadings in Technical Plating's favor based on this contract term.

As part of its opposition to Technical Plating's motion, Kenmode requested rulings in its favor. These included rulings that Technical Plating waived its right to enforce the "processing charges" liability limitation and that, if the "processing charges" liability limitation means what Technical Plating says, then it is an unconscionable liquidated-damages provision that is unenforceable under Minnesota law. Rulings on these questions were not necessary to decide Technical Plating's motion, and Kenmode filed no motion of its own. These issues will not be resolved here.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Defendant Technical Plating, Inc.'s Motion for Judgment on the Pleadings [ECF No. 26] is **DENIED**.

Dated: July 18, 2025               s/ Eric C. Tostrud
                                   Eric C. Tostrud
                                   United States District Court